IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

HUGUETTE NICOLE YOUNG,

          Plaintiff,

v.                              CIVIL ACTION NO.  2:20-cv-00666

PATRICK MORRISEY,

          Defendant.

**PROPOSED FINDINGS & RECOMMENDATION**

    This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 5.) Before this Court is Plaintiff Huguette Nicole Young's ("Plaintiff") First Amended Complaint for Declaratory and Emergency Injunctive Relief. (ECF No. 7.) For the reasons explained more fully herein, it is respectfully **RECOMMENDED** that this action be **DISMISSED** for failure to prosecute or comply with a court order pursuant to Federal Rule of Civil Procedure 41(b) or, in the alternative, for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

*I.    BACKGROUND*

    Plaintiff brings this action against Defendant Patrick Morrisey ("Defendant") in his official capacity as the West Virginia Attorney General and lodges a federal constitutional challenge to West Virginia Governor Jim Justice's executive order requiring individuals to wear facial coverings in public spaces to prevent the spread of COVID-19 (the "mask

order"). (ECF No. 7.)  Specifically, she claims that the mask order violates her First Amendment rights because she is unable to "communicate audibly, clearly, and expressively (e.g., by violating plaintiff's right to smile at others) while wearing a face mask." (*Id.* at 2.) And she alleges that the mask order cannot possibly survive strict scrutiny because COVID-19 is not "a public health disaster" and the use of face coverings "result[s] in a net increase in spread of the virus." (*Id.* at 3.) She seeks "an injunction barring [Defendant] from enforcing [the mask order] in his capacity as attorney general of West Virginia." (*Id.* at 9–10.)

## II.   ANALYSIS

*A. This action should be dismissed because Plaintiff has not paid the requisite filing fee or filed a properly completed Application to Proceed Without Prepayment of Fees and Costs.*

Plaintiff filed her initial complaint in this action on October 8, 2020. (ECF No. 2.) She did not pay the $400 filing fee required by 28 U.S.C. § 1914, nor did she submit a properly completed Application to Proceed Without Prepayment of Fees and Costs. Instead, she filed a blank application and a lengthy attachment arguing that she should not have to pay the full filing fee because she seeks to challenge the constitutionality of a state law and that completing the application violates her privacy rights. (ECF No. 1.) Bearing in mind that both the amount of the filing fee and the requirement that a plaintiff show by affidavit that she is unable to pay that amount are prescribed by federal statute, *see* 28 U.S.C. § 1914(a), (b); *id.* § 1915(a)(1), the undersigned entered an order on October 9, 2020, directing Plaintiff "to either pay the $400 filing fee in full or file a properly completed Application to Proceed Without Prepayment of Fees and Costs on or before **Friday, October 23, 2020**." (ECF No. 6 at 1–2 (emphasis in original).) The order

further advised Plaintiff "that her failure to comply . . . will result in the undersigned's recommendation . . . that this matter be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b)." (*Id.* at 2.)

On October 26, 2020, Plaintiff filed an amended complaint. (ECF No. 7.) However, to date, she has neither paid the requisite filing fee nor filed a properly completed Application to Proceed Without Prepayment of Fees and Costs, as the undersigned's October 9, 2020 order directed. "Although Rule 41(b) does not itself provide for *sua sponte* dismissal, [this Court] has the inherent power to dismiss a case for lack of prosecution or violation of a court order." *United States v. Merrill*, 258 F.R.D. 302, 308 (E.D.N.C. 2009) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631–33 (1962); *McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976)). Before doing so, though, this Court must first weigh "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (quoting *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990)). "These four factors are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether or not dismissal is appropriate." *Ramsey v. Rubenstein*, No. 2:14-cv-03434, 2016 WL 5109162, at *2 (S.D.W. Va. Sept. 19, 2016) (citing *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)).

A consideration of the factors in this case indicates that involuntary dismissal for failure to comply with the undersigned's order is an appropriate consequence. First and foremost, Plaintiff is entirely responsible for her failure to either pay the statutorily

mandated filing fee or to file the statutorily mandated affidavit in the form that this Court's Local Rules of Civil Procedure have prescribed. The documents she submitted to this Court along with her initial complaint in this action reflect that she is aware of her obligations but intentionally seeks to avoid them and has done so in previous lawsuits in other courts regarding unrelated matters. Her purposeful delay is further exhibited by the fact that instead of acting in accordance with the undersigned's instructions to pay the filing fee or file a properly completed application by October 23, 2020, Plaintiff filed an amended complaint the following business day, October 26, 2020, indicating that she plans to proceed with this action. While any prejudice to Defendant is at this point in the litigation minimal because he has not yet been served with process, any further failure on Plaintiff's part to properly initiate this action—again, in the manner provided by federal statute—could affect Defendant's ability to meaningfully respond in the future. Moreover, the undersigned's order advised Plaintiff that her failure to comply would result in a recommendation that this case be dismissed. (ECF No. 6 at 2.) "Where a litigant has ignored an express warning that noncompliance with a court order will result in dismissal, the district court should dismiss the case." *Ramsey*, 2016 WL 5109162, at \*2 (quoting *Bey* ex rel. *Graves v. Virginia*, 546 F. App'x 228, 229 (4th Cir. 2013) (per curiam)).

Accordingly, the undersigned **FINDS** that dismissal is warranted and respectfully **RECOMMENDS** that this action be dismissed pursuant to Rule 41(b) for failure to comply with the undersigned's October 8, 2020 order.

> B. *In the alternative, should Plaintiff be permitted to proceed* in forma pauperis, *this action should be dismissed for failure to state a claim on which relief may be granted.*

In addition to contending that her statutorily mandated filing fee should be reduced because she raises a constitutional challenge to a state law and that requiring her to complete this Court's form Application to Proceed Without Prepayment of Fees and Costs violates her privacy rights, Plaintiff asserts in the documents she has provided to this Court that she is presently unemployed and receives public assistance. (ECF No. 1 at 7.) Assuming that these statements are sufficient to demonstrate that Plaintiff is unable to pay the filing fee and may proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), this Court has a duty to "screen initial filings . . . to independently assess the merits of *in forma pauperis* complaints" and "exclude suits that have no arguable basis in law or fact." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (citing *Nasim v. Warden*, 64 F.3d 951, 953–54 (4th Cir. 1995)); *see* 28 U.S.C. § 1915(e). This Court must "dismiss a complaint filed *in forma pauperis* 'at any time if [it] determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted.'" *Eriline Co.*, 440 F.3d at 656 (quoting 28 U.S.C. § 1915(e)). When reviewing an *in forma pauperis* complaint for failure to state a claim, this Court applies the same standards that it applies to review a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (citing *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003)).

That is, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded

5

factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015)). This Court construes a *pro se* plaintiff's allegations "liberally," but the complaint must nonetheless "contain enough facts to state a claim for relief that is plausible on its face." *Thomas*, 841 F.3d at 637 (internal quotation marks omitted).

This suit must fail for two distinct but related reasons. First, "[t]o satisfy the irreducible constitutional minimum of standing and thus to invoke federal jurisdiction at the pleading stage, Plaintiff[] must allege facts demonstrating that [her] claimed injury is likely to be redressed by a favorable judicial decision." *Vote No on Amendment One, Inc. v. Warner*, 400 F. Supp. 3d 504, 512 (S.D.W. Va. 2019) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)) (internal quotation marks omitted). "The prospect of redressability 'becomes problematic when third persons not party to the litigation must act in order for an injury to arise or be cured.'" *Id.* (quoting *Doe v. Va. Dep't of State Police*, 713 F.3d 745, 755 (4th Cir. 2013)). Plaintiff alleges that she brings this action against Defendant because he "is responsible for enforcing all the laws of West Virginia, including [the mask order]." (ECF No. 7 at 12.) But the mask order provides that its

6

authority derives from West Virginia Code §§ 15-5-1 and 15-5-6, neither of which grants enforcement powers to the attorney general. W. Va. Exec. Order No. 50-20 (July 6, 2020), https://governor.wv.gov/Documents/2020%20Executive%20Orders/EO%2050-20.pdf. Nor does the mask order itself state that it is to be enforced by the attorney general. Therefore, an injunction prohibiting Defendant from enforcing the mask order would be wholly ineffective to accomplish the aims Plaintiff seeks, rendering her alleged injury not redressable.

Relatedly, the Eleventh Amendment to the federal Constitution "generally bars suits against state officials sued in their official capacities." *Vote No on Amendment One*, 400 F. Supp. 3d at 513 (citing *Adams v. Ferguson*, 884 F.3d 219, 224–25 (4th Cir. 2018)). "The *Ex parte* Young doctrine is an exception to Eleventh Amendment immunity that 'permits a federal court to issue prospective, injunctive relief against a state officer to prevent ongoing violations of federal law.'" *Id.* (quoting *McBurney v. Cuccinelli*, 616 F.3d 393, 399 (4th Cir. 2010)); *see* Ex parte *Young*, 209 U.S. 123 (1908). "Where a state law is challenged as unconstitutional, a defendant must have 'some connection with the enforcement of the act' in order to properly be a party to the suit." *S.C. Wildlife Fed'n v. Limehouse*, 549 F.3d 324, 332 (4th Cir. 2008) (quoting *Lytle v. Griffith*, 240 F.3d 404, 409 (4th Cir. 2001)). To that end, "'[g]eneral authority to enforce the laws of the state' is an insufficient ground for abrogating Eleventh Amendment immunity." *Id.* at 333 (quoting *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 331 (4th Cir. 2001)). As the undersigned has just explained, neither the statutes serving as the mask order's source of authority nor the mask order itself grants Defendant "a specific duty to enforce [the mask order]." *Gilmore*, 252 F.3d at 331. Accordingly, the *Ex parte* Young exception does not overcome Defendant's Eleventh Amendment immunity from suit in this case.

In sum, the undersigned **FINDS** that Plaintiff's amended complaint fails to state a claim against Defendant on which relief may be granted and respectfully **RECOMMENDS** that this action be **DISMISSED** on that basis pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) if Plaintiff is permitted to proceed *in forma pauperis*.

### III.   RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that this action be **DISMISSED** for failure to prosecute or comply with a court order pursuant to Federal Rule of Civil Procedure 41(b) or, in the alternative, for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge.   Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), Plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (mailing) from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.   Copies of any objections shall be provided to Judge Goodwin.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals.   28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

ENTER: November 3, 2020

_____
Dwane L. Tinsley
United States Magistrate Judge