IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

HUGUETTE NICOLE YOUNG,

        Plaintiff,

v.                        CIVIL ACTION NO. 2:20-cv-00666

PATRICK MORRISEY,

        Defendant.

## ORDER

Pending before the Court are the Proposed Findings and Recommendations ("PF&R") for the disposition of Plaintiff Huguette Nicole Young's First Amended Complaint for Declaratory and Emergency Injunctive Relief [ECF No. 7]. Young has filed a Motion to Reconsider the proposed dismissal of her case [ECF No. 8]. For the reasons explained below, I adopt the PF&R and **DENY** the Motion to Reconsider.

### I.    STANDARD OF REVIEW

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this court need not conduct a *de novo* review when a party "makes general and conclusory objections that

do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the report *de novo*, this court will consider the fact that the plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

I construe the arguments contained Young's Motion to Reconsider as objections to the PF&R. Nevertheless, I find that Young's objections are sweeping and non-specific. Accordingly, a full *de novo* review of Young's complaint is unnecessary.

## II. DISCUSSION

Young is a pro se litigant from Oregon who sought to enjoin West Virginia Governor Jim Justice's executive order requiring all persons to wear facial coverings in public to reduce the spread of the COVID-19 virus. Young claims that the so-called mask mandate was violative of her First Amendment rights by hampering her ability to "communicate audibly, clearly and expressively." [ECF No. 7, at 2]. Magistrate Judge Tinsley has issued the instant PF&R recommending that the action be dismissed.

For the first ground for dismissal, Judge Tinsley found that Young has failed to comply with his order to either pay the requisite $400 filing fee or timely complete an Application to Proceed Without Prepayment of Fees and Costs. Rather than properly applying for a waiver of fees and costs or paying the filing fee, Young filed her Motion to Reconsider [ECF No. 9]. In this brief, Young reiterates her First Amendment grievance but also includes bizarre and esoteric constitutional and

historical claims, including discussions of *Dred Scott v. Sanford*, *Marbury v. Madison*, and a lengthy challenge to the validity of the 16th Amendment.

Young fails to explain why she has not paid her court costs nor filed an Application to Proceed Without Prepayment. Instead, she spends a portion of her latest filing arguing that her case has been severely prejudiced on account of having been heard in front of a Magistrate Judge. [ECF No. 9, at 6]. Young goes on to state that the Federal Magistrates Act itself is unconstitutional.

I find that Young has not paid her filing fee and adopt the recommendation that the action be **DISMISSED** for this reason.

Even if I were to set aside the Magistrate Judge's PF&R as it relates to the issue of court fees, I would still adopt the recommendation to dismiss the case for failure to state a claim. As the PF&R astutely points out, the Court has a duty to "screen filings . . . to independently assess the merits of *in forma pauperis* complaints" and "exclude suits that have no arguable basis in law or fact." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006). Here, it is apparent from a review of Young's filings that they are frivolous and without merit.

It is also apparent that Young's chosen defendant, Patrick Morrissey, does not have the specific authority to enforce the mask mandate as Attorney General of West Virginia. Accordingly, Morrissey would be afforded Eleventh Amendment immunity even under the exception to immunity described in *Ex Parte Young*, 209 U.S. 123 (1908). "Where a state law is challenged as unconstitutional, a defendant must have 'some connection with the enforcement of the act' in order to properly be a party to the suit." *S.C. Wildlife Fed'n v. Limehouse*, 549 F.3d 324, 332 (4th Cir. 2008) (quoting

*Lytle v. Griffith*, 240 F.3d 404, 409 (4th Cir. 2001)). To that end, "'[g]eneral authority to enforce the laws of the state' is an insufficient ground for abrogating Eleventh Amendment immunity." *Id.* at 333 (quoting *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 331 (4th Cir. 2001)). Judge Tinsley thoroughly explained that neither the statutes serving as the mask order's source of authority nor the mask order itself grants the Attorney General "a specific duty to enforce [the mask order]." *Gilmore*, 252 F.3d at 331. The *Ex Parte Young* exception does not overcome Morrissey's Eleventh Amendment immunity from suit in this case.

The implication of Morrissey's immunity is that Young is unable to demonstrate that the injury she claims and for which she seeks injunctive relief is "likely to be redressed by a favorable judicial decision." *See Vote No on Amendment One, Inc. v. Warner*, 400 F. Supp. 3d 504, 512 (S.D. W. Va. 2019). I therefore find that this action should be dismissed for failure to state a claim upon which relief can be granted.

### III. CONCLUSION

The PF&R is adopted in full. The Motion to Reconsider is **DENIED**. The Motions for Email Filing and Notification and for Speedy Hearing [ECF Nos. 3 and 4] are **DENIED**. The case is ordered to be **DISMISSED** and stricken from the docket.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 15, 2021

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE